**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | |
|---|---|
| VERA BRADLEY DESIGNS, INC., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CAUSE NO.: 1:18-CV-70-TLS |
| ) | |
| JENNIFER DENNY, an individual; AUSTIN ) | |
| DEVIN 2 DENNY BOYS LLC; DARLEEN ) | |
| NICHOLAS, an individual; AMANDA ) | |
| WHITFIELD, an individual; and ILENE ) | |
| SIMPSON, an individual, ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

Plaintiff Vera Bradley Designs, Inc., filed a Complaint [ECF No. 1] on March 26, 2018 against Defendants Jennifer Denny, Austin Devin 2 Denny Boys, LLC, Darleen Nicholas, Amanda Whitfield,[1] and Ilene Simpson. In the Complaint, the Plaintiff alleges trademark infringement in violation of 15 U.S.C. § 1114, copyright infringement in violation of 17 U.S.C. § 501, false designation of origin and unfair competition in violation of 15 U.S.C. § 1125(a), unfair and deceptive trade practices in violation of Indiana Code § 24-5-0.5-3, common law unfair competition, and unjust enrichment. Defendants Austin Devin 2 Denny Boys LLC, Denny, and Whitfield jointly filed a Motion to Dismiss [ECF No. 13] under Federal Rule of Civil Procedure 12(b)(3) for improper venue. The Plaintiff responded [ECF No. 17] on May 29, 2018, and the Defendants replied [ECF No. 21] on June 5, 2018.[2] On June 22, 2018, Defendant

---

[1] The Defendants note that Amanda Whitfield Denny was improperly sued as Amanda Whitfield. For clarity in the instant Order and Opinion, the Court will refer to this Defendant as "Defendant Whitfield" where necessary.

[2] In their Reply, the Defendants argued that one of the Plaintiff's supporting declarations was defective. Without leave of Court, the Plaintiff subsequently filed an Amended Declaration purporting to correct the identified defects, which the Defendants moved to strike [ECF No. 25], arguing that the filing was improper and prejudicial as all briefing on the Motion to Dismiss had been completed. The Plaintiff has not filed any response. The Court need not

Nicholas also filed a Motion to Dismiss [ECF No. 27] under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3) for lack of personal jurisdiction and improper venue. The Plaintiff responded [ECF No. 29] on July 6, 2018, and Defendant Nicholas replied [ECF No. 31] on July 13, 2018. These matters are now fully briefed and ripe for review.[3]

## BACKGROUND

The Plaintiff designs and manufactures high-quality bags, luggage, and accessories that are generally recognizable by their unique and creative patterns. The Plaintiff holds 35 federal trademark registrations, has 17 pending federal trademark applications, and holds more than 900 copyright registrations related to the Vera Bradley name and designs. The Plaintiff alleges that the Defendants operated, and continue to operate, various eBay accounts that advertise, distribute, offer for sale, and sell counterfeit Vera Bradley goods and goods that infringe the Plaintiff's trademarks and copyrighted designs. These eBay accounts include austindevin, darlennichola8, twosisterinlaws, collegetime, and collegfund31, each held in the name of at least one of the Defendants. The Plaintiff asserts that at no time did it authorize the Defendants to sell Vera Bradley goods.

Through its employees, the Plaintiff purchased some of the products sold by the Defendants to determine the authenticity of the goods. After evaluating the products, the Plaintiff's in-house counsel sent a cease and desist letter to Defendant Denny on January 27, 2017. After Defendant Denny failed to comply with its demands, the Plaintiff retained outside

---

consider the Defendants' Motion to Strike because the Court would come to the same conclusion as to the Defendants' Motions to Dismiss regardless of whether it considers the Amended Declaration.

[3] There has not yet been an appearance entered on behalf of Ilene Simpson, and therefore she has not joined any of these Motions nor filed a Motion of her own for the Court's consideration.

counsel, who sent cease and desist letters to all of the Defendants on July 26, 2017. On August 1, 2017, the Defendants responded through counsel and agreed to cease and desist selling unauthorized or counterfeit Vera Bradley products. However, the Plaintiff alleges that the Defendants continued to sell these products in spite of such assurances, prompting the Plaintiff to bring the instant lawsuit.

The Defendants assert that venue is improper because a substantial part of the events giving rise to the Plaintiff's claims did not occur in the Northern District of Indiana. Defendant Nicholas further asserts that the Court does not have personal jurisdiction over her.

## STANDARD OF REVIEW

On consideration of a motion to dismiss for improper venue, a court must resolve all factual disputes and draw all reasonable inferences in the plaintiff's favor, *Faulkenberg v. CB Tax Franchise Sys., LP*, 637 F.3d 801, 806 (7th Cir. 2011), with the plaintiff then bearing the burden of establishing that venue is proper, *Grantham v. Challenge–Cook Bros., Inc.*, 420 F.2d 1182, 1184 (7th Cir. 1969). If venue is improper, the court may either dismiss the suit or transfer it to a district in which the plaintiff could have initially filed the suit if "it be in the interest of justice." 28 U.S.C. § 1406(a).[4] Venue can be proper in more than one district. *See Armstrong v. LaSalle Bank Nat'l Ass'n*, 552 F.3d 613, 617 (7th Cir. 2009). When ruling on a motion to dismiss for improper venue, a district court may examine facts outside the complaint without converting the motion to a motion for summary judgment. *Cont'l Cas. Co. v. Am. Nat. Ins. Co.*, 417 F.3d 727, 733 (7th Cir. 2005).

---

[4] In contrast, if venue is proper in the district where the case is initially filed, that court retains discretion to order transfer pursuant to 28 U.S.C. § 1404(a).

**ANALYSIS**

Venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated." 28 U.S.C. § 1391(b)(2). Under § 1391(b)(2), venue may be proper in more than one district as long as a "substantial" part of the key events or omissions occurred in each district. "The test is not whether a majority of the activities pertaining to the case were performed in a particular district, but whether a substantial portion of the activities giving rise to the claim occurred in the particular district." *TruServ Corp. v. Neff*, 6 F. Supp. 2d 790, 792 (N.D. Ill. 1998). "[F]or events to be considered 'substantial' under the statute, it is sufficient for the plaintiff to establish that the events occurring in the forum district 'were part of the historical predicate for the instant suit.'" *Estate of Moore v. Dixon*, 460 F. Supp. 2d 931, 936 (E.D. Wis. 2006) (quoting *Master Tech Prods., Inc. v. Smith*, 181 F. Supp. 2d 910, 914 (N.D. Ill. 1998)). The relevant events "must have a 'close nexus' to the alleged claim." *Id.* (quoting *Daniel v. Am. Bd. of Emergency Med.*, 428 F.3d 408, 433 (2d Cir. 2005)).

**A.      Whether Venue is Proper in the Northern District of Indiana**

The Plaintiff argues that the Defendants' unauthorized sales of Vera Bradley products and sales of counterfeit Vera Bradley products in the Northern District of Indiana are "substantial" within the meaning of § 1391(b)(2). The Plaintiff's Complaint alleges five specific instances in which its employees purchased the counterfeit or unauthorized merchandise at issue from the Defendants. (*See* Compl. ¶¶ 23–24.) In its briefing, the Plaintiff also clarifies that these purchases were made by its employees residing in the Northern District of Indiana and that the items were shipped to addresses in the Northern District of Indiana. Specifically:

4

> Vera Bradley, through its employee residing in the Northern District of Indiana, purchased from Defendants through their eBay accounts counterfeit Vera Bradley merchandise which Defendants advertised, offered for sale, sold, packaged, and shipped to Vera Bradley's employee residing in the Northern District of Indiana. In order for these transactions to take place, Defendants maintained interactive websites in the form of their eBay accounts in which they advertised and offered for sale counterfeit Vera Bradley goods accessible by anyone with internet access and an eBay account, including Vera Bradley, its employees and other residents in the Northern District of Indiana. Defendants offered for sale counterfeit Vera Bradley merchandise to residents of the Northern District of Indiana, accepted purchase orders from residents of the Northern District of Indiana, and packaged and shipped counterfeit Vera Bradley goods to residents of the Northern District of Indiana, including Vera Bradley employees based in the Northern District of Indiana . . . .

(Pl. Resp. to Defs.' Mot. to Dismiss at 3–4, ECF No. 17.) Further, the Plaintiff argues, venue is appropriate in this District because "Vera Bradley has been, and continues to be, harmed by Defendants['] actions in this district." (Compl. ¶ 10.)

The Court disagrees with the Plaintiff that "substantial events" occurred in the Northern District of Indiana within the meaning of § 1391(b)(2). First, the Plaintiff's argument that venue is proper in this District because it has suffered harm in this District is unavailing. "[V]enue would be rendered meaningless if a plaintiff could always bring suit in its home district simply because it had suffered damages." *J.B. Custom, Inc. v. Rossi*, No. 1:10-cv-326, 2011 WL 124509, at *4 (N.D. Ind. Jan. 13, 2011).

Moreover, the only instances of sales made by the Defendants to residents of the Northern District cited by the Plaintiff are those sales initiated by the Plaintiff's employees to determine the authenticity of the goods. The Plaintiff has identified only five specific sales made in this manner and then generally alleges, at least with regard to Defendant Nicholas, that "[d]iscovery will ultimately reveal the volume of counterfeit Vera Bradley merchandise shipped" and that "it is safe to assume" that these sales were not "isolated incident[s]." (*See* Pl. Resp. to Def. Nicholas' Mot. to Dismiss at 4–5, ECF No. 29.) "[I]f the protection afforded by

5

[§ 1391(b)(2)] is to be meaningful, the adjective 'substantial' must be taken seriously." *Caudill v. Keller Williams Realty Int'l., Inc.*, No. 11 C 1140, 2011 WL 4007727, at *3 (N.D. Ill. Sept. 7, 2011). "Indeed, district courts have been warned not to overlook the requirements that the activities be substantial[.]" *Burke, Warren, Mackay & Serritella, P.C. v. Tamposi*, No. 10-CV-8267, 2011 WL 5373981, at *6 (N.D. Ill. Nov. 4, 2011) (citing *Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 357 (2d Cir. 2005)). "The test for determining venue under [§ 1391(b)(2)] is not the defendant's 'contacts' with a particular district, but rather the location of the events or omissions giving rise to the claim." *Family Express Corp. v. Square Donuts, Inc.*, No. 2:16-CV-103, 2016 WL 3855174, at *4 (N.D. Ind. July 14, 2016) (citations omitted).

"To demonstrate that a 'substantial part' of the events giving rise to a claim of trademark infringement have occurred in a particular district, the plaintiff can demonstrate either substantial sales of the infringing product in the district or intentional targeting of the infringing product into the district." *Detroit Coffee Co., LLC v. Soup for You, LLC*, No. 16-CV-9875, 2018 WL 941747, at *2 (S.D.N.Y. Feb. 16, 2018). "[V]enue by substantial sales requires, at minimum, that the plaintiff allege some non-nominal amount of sales in the district." *Id.* at *3. This the Plaintiff has not done. The Plaintiff has alleged only five sales occurring within this District, and alleges that the offending eBay accounts are "accessible by anyone with internet access," which includes residents of the Northern District of Indiana. *See id.* ("Such a paltry number sales, both in absolute and relative terms, cannot be said to represent 'a substantial part of the events . . . giving rise to' a claim of trademark infringement."); *see also Anchor Wall Sys., Inc. v. F&D Concrete Rods., Inc.*, 55 F. Supp. 2d 871, 873 (N.D. Ill. June 30, 1999) ("Sales alone are insufficient to establish a substantial connection to the forum if the defendant's goods are sold in many states."); *Carier v. Micha, Inc.*, No. 06 Civ. 4699, 2007 WL 1187188, at *3 (S.D.N.Y. Apr. 20,

2007) ("Absent proof of marketing to or advertising in a district, however, the sale of a substantial amount of the alleged trademark-infringing goods must occur to satisfy the 'substantial part' requirements for establishing venue pursuant to § 1391(b)(2).").

As for targeting, "the plaintiff must show at least that the defendant took some active step to advertise, market, or otherwise solicit business in this district." *Detroit Coffee Co.*, 2018 WL 941747, at *2.* "[T]he internet—just like print advertisements, television commercials, and the direct-mail catalogues of yore—offers a mode of communication that can be used to target a product into a particular market." *Id.* In this case, the Defendants have "apparently done nothing else to market, advertise, or otherwise target sales into" the Northern District of Indiana. *See id.*

Further, the Plaintiff's arguments appear to "conflat[e] the 'minimum contacts' analysis utilized for establishing personal jurisdiction with the more rigorous requirements of the venue provision." *Ecommerce Innovations, LLC v. Marketing Advantages Int'l, Inc.*, No. 2:07-cv-7042, 2008 WL 11419051, at *2 (C.D. Cal. Jan. 11, 2008). "It would be error . . . to treat the venue statute's 'substantial part' test as mirroring the minimum contacts test employed in personal jurisdiction inquiries." *Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 357 (2d Cir. 2005) (citations omitted). Here, the relatively few number of sales alleged—sales initiated by the Plaintiff no less—do not support venue in this District. *See Delta Sigma Theta Sorority Inc. v. Bivins*, 20 F. Supp. 3d 207, 214 (D.D.C. 2014) (finding that venue did not lie "where the only connection to the claims are that, arguably, two people, one of whom was a member of the plaintiff [organization], placed orders through a generally accessible website for shipment of a small amount of allegedly infringing merchandise"). The Plaintiff has neither produced evidence that any of the Defendants specifically targeted the Northern District of Indiana, nor pointed to evidence of *any* sales in this District other than those initiated by the Plaintiff. The Court is not

prepared to hold that a Plaintiff may manufacture venue in any district it chooses by orchestrating sales via a generally accessible online store. Therefore, the Court finds that venue is not proper in this District.

B.     **Whether Dismissal or Transfer is Appropriate**

The Plaintiff argues that, in the event the Court finds that venue is not proper in this District, the Court should transfer this case to the Southern District of Indiana pursuant to 28 U.S.C. § 1406(a). Section 1406(a) provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

The decision to transfer is left to the sound discretion of the Court. *Coté v. Wadel*, 796 F.3d 981, 985 (7th Cir. 1999). Transfer is ordinarily in the interest of justice because dismissal of an action that could be brought elsewhere is "time consuming" and may be "justice-defeating." *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 467 (1962). The transferor court does not need to have personal jurisdiction over all defendants before it can apply 28 U.S.C. § 1406(a). *See id.* at 466. "In deciding whether transfer is appropriate under section 1406(a), courts are to look at whether the transfer is in the interest of justice; that is, whether the transferee forum is convenient to the parties and witnesses as well as what impact transfer has on the efficient administration of the court system." *Thomas v. Exxon Mobil Oil Corp.*, No. 2:06-CV-144, 2007 WL 1035159, at *1 (N.D. Ind. Apr. 2, 2007) (citing *Wild v. Subscription Plus, Inc.*, 292 F.3d 526, 530 (7th Cir. 2002)). "When evaluating the convenience of the parties and witnesses, a court can consider: (1) the plaintiff's choice of forum; (2) the situs of material events; (3) the relative ease of access to

sources of proof; (4) the convenience of the witnesses; and (5) the convenience to the parties." (*Id.* (citation omitted)).

However, "[t]he court must first determine that an adequate alternative forum is available to hear the case, meaning that all parties are within the jurisdiction of the alternative forum and amenable to process there, and that the parties would not be treated unfairly or deprived of all remedies if the case were litigated in the alternative forum." *AAR Int'l, Inc. v. Nimelia Enter. S.A.*, 250 F.3d 510, 524 (7th Cir. 2001). In response to Defendants Denny, Austin Devin 2 Denny Boys, and Whitfield, the Plaintiff argues that the Southern District of Indiana is an adequate venue because the Defendants reside there. However, there is no such assertion regarding Defendant Nicholas, who the record indicates resides in Florida. Whether the Southern District of Indiana is an adequate forum turns on whether Defendant Nicholas is subject to personal jurisdiction there.

Personal jurisdiction refers to the court's power to bring a person into its adjudicative process and render a valid judgment over that person. *Saler v. Irick*, 800 N.E.2d 960 (Ind. Ct. App. 2003). Federal Rule of Civil Procedure 12(b)(2) allows a defendant to move for dismissal on the basis that a court lacks jurisdiction over it. A complaint need not allege facts establishing personal jurisdiction. *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). However, if a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing jurisdiction. *Id.* A plaintiff may not rest upon allegations in its pleadings but must set forth specific facts showing that the court has jurisdiction. *Int'l Steel Co. v. Charter Builders, Inc.*, 585 F. Supp. 816, 819 (S.D. Ind. 1984). Where the parties have not requested an evidentiary hearing, but have filed written submissions and affidavits, as they have here, the plaintiff is required only to make out a prima facie case of

9

personal jurisdiction. *Id.*; *Nelson by Carson v. Park Indus., Inc.*, 717 F.2d 1120, 1123 (7th Cir. 1983). The Court construes all factual conflicts in favor of the Plaintiff. *Purdue Research Found.*, 338 F.3d at 782; *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002).

Indiana Trial Rule 4.4, as amended in 2003, extended the reach of state court jurisdiction to "any basis not inconsistent with the Constitutions of this state or the United States." Ind. T. R. 4.4(A); *LinkAmerica Corp. v. Albert*, 857 N.E.2d 961, 964 (Ind. 2006) (noting that Indiana's two-step process to determine jurisdiction had become one-step with the amendment of Trial Rule 4.4(A)). For personal jurisdiction to be consistent with due process, a defendant must have established minimum contacts with the forum state such that the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474–76 (1985). A court examines whether the defendant's contacts with the state are such that she "should reasonably anticipate being haled into court" there. *Id.* at 474 (quoting *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)). The defendant must have purposefully availed herself of the privilege of conducting activities in the forum state, invoking the benefits and protections of its laws. *Id.* at 474–75.

There are two types of contacts that may be sufficient to establish jurisdiction: (1) a defendant's contacts with the forum state that are unrelated to the basis of the lawsuit—known as general jurisdiction; and (2) a defendant's contacts that are related to the subject matter of the lawsuit—known as specific jurisdiction. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2853–54 (2011); *Burger King*, 471 U.S. at 466–67; *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 418 (1984).

*1.      General Jurisdiction*

General jurisdiction permits a federal district court in Indiana to exercise personal jurisdiction over a defendant regardless of the subject matter of the litigation. "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile[.]" *Goodyear*, 564 U.S. at 924.

The Plaintiff argues that Defendant Nicholas has sufficiently continuous and systematic contacts with Indiana so as to justify the Court exercising general jurisdiction over her because she co-owns property in the state. The Plaintiff admits that this property is unrelated to the litigation, but argues that such ownership demonstrates her "intent to invoke the benefits and protections of the laws of the state of Indiana." (*See* Pl. Resp. to Def. Nicholas Mot. to Dismiss 4, ECF No. 29.) The Plaintiff argues by way of example that, as a property owner, Defendant Nicholas could certainly anticipate being haled into court if somebody was injured on her property. (*Id.*) The Plaintiff also argues that Defendant Nicholas has agents in Indiana whose actions relate directly to the instant lawsuit and therefore establish general jurisdiction. In support of this assertion, the Plaintiff argues that the eBay account set up in Defendant Nicholas' name was created only ten days after the Plaintiff sent a cease and desist letter to Jennifer Denny,[5] and the merchandise purchased from that eBay account was shipped from an Indiana zip code.

These arguments miss the mark. General jurisdiction over individuals turns on domicile; the Plaintiff does not argue, nor does the Court find evidence of record, that Defendant Nicholas is domiciled in Indiana. Rather, the record indicates that she is domiciled in Florida. Therefore, Defendant Nicholas is not subject to general jurisdiction in Indiana.

---

[5] Defendant Nicholas is Defendant Denny's mother.

*2.* *Specific Jurisdiction*

The Seventh Circuit has instructed that specific jurisdiction is appropriate where: (1) the defendant has purposefully directed her activities at the forum state or purposefully availed herself of the privilege of conducting business in that state; (2) the alleged injury arises out of the defendant's forum-related activities; and (3) the exercise of specific jurisdiction comports with traditional notions of fair play and substantial justice. *See Felland v. Clifton*, 682 F.3d 665, 673 (7th Cir. 2012); *see also N. Grain Mktg., LLC v. Greving*, 743 F.3d 487, 492 (7th Cir. 2014).

The Plaintiff argues that the Court should exercise personal jurisdiction over Defendant Nicholas because the Defendants in this case are related to each other, engaged in the same enterprise, and there is no alternative forum in which all of the Defendants would be subject to personal jurisdiction. The Plaintiff also seems to argue that Defendant Nicholas purposely directed her activities at Indiana for the same reasons asserted in its argument for general jurisdiction. To the extent that the Plaintiff argues that Defendant Nicholas' property interests in the state give rise to specific jurisdiction, such argument is without merit as the Plaintiff admits that the instant litigation does not arise from those interests.

The Court is not persuaded by the Plaintiff's arguments regarding specific jurisdiction. The Plaintiff has offered no authority finding that such propositions comport with due process; otherwise jurisdiction would never be at issue where a court could obtain jurisdiction over a single family-member defendant or over a single participant engaged in an alleged scheme. Personal jurisdiction is just that: personal. The Plaintiff must establish jurisdiction over each individual.[6]

---

[6] Nor is the Court persuaded by the Defendant's argument that a lack of alternate forum in which every Defendant is subject to personal jurisdiction creates jurisdiction as to Defendant Nicholas. While the potential lack of an alternate forum may be a proper consideration in some cases when determining whether the exercise of personal jurisdiction over a defendant would comport with traditional notions of

There is nothing before the Court that demonstrates that Defendant Nicholas directed her activities to the State of Indiana in a manner that would permit the Court to exercise personal jurisdiction over her. At best, her contacts with Indiana consist of a single allegedly counterfeit item shipped from an Indiana zip code. Due process does not counsel exercising personal jurisdiction over the Defendant based on a single sale from a generally accessible website where there is no evidence of targeted activity. The minimum contacts analysis is not satisfied by "random, fortuitous, or attenuated contacts," *Burger King*, 471 U.S. at 475, and the record does not indicate that Defendant Nicholas' contacts are more than random, fortuitous, or attenuated. Therefore, Defendant Nicholas is not subject to personal jurisdiction in Indiana, and the Southern District of Indiana is not an adequate forum for this case.

## CONCLUSION

For the foregoing reasons, the Court GRANTS the Defendants' Motion to Dismiss for Improper Venue [ECF No. 13], and DISMISSES this case. The Court DENIES AS MOOT the Defendants' Motion to Strike Amended Declaration [ECF No. 25] and DENIES AS MOOT Defendant Nicholas' Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue [ECF No. 27].

SO ORDERED on July 30, 2018.

    s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT

---

fair play and substantial justice based on her minimum contacts with a state, the Court does not find this fact significant here.